UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JAMIE WOODS**                                                                 **CIVIL ACTION**

**VERSUS**

**ARCH INSURANCE COMPANY,**                                  **NO. 21-644-SDD-EWD**
**SPECIAL EVENT TRANSPORTATION**
**INC. AND THOMAS CASH**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JAMIE WOODS**                                                                 **CIVIL ACTION**

**VERSUS**

**ARCH INSURANCE COMPANY,**                                      **NO. 21-644-SDD-EWD**
**SPECIAL EVENT TRANSPORTATION**
**INC. AND THOMAS CASH**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand ("Motion"), filed by Jamie Woods ("Plaintiff").[1] Although no timely opposition to the Motion to Remand has been filed, Defendants Special Event Transportation, Inc. and Arch Insurance Company (collectively the "Removing Defendants") previously filed a "Memorandum Re: Amount in Controversy,"[2] which was considered. As the Removing Defendants have not met their burden of establishing that the requisite amount in controversy is met, it is recommended[3] that the Motion be granted and that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

I. **BACKGROUND**

On August 6, 2021, Plaintiff filed her Petition for Damages ("Petition") in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, based on the injuries she allegedly sustained on September 2, 2020 due to a motor vehicle accident (the "Accident").[4] Plaintiff alleges the Accident was caused when her vehicle was struck by the vehicle driven by Defendant Thomas Cash ("Cash"). Plaintiff contends that she suffered personal injuries due to the

---

[1] R. Doc. 14.
[2] R. Doc. 12.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, No. 14-30925, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.
[4] R. Doc. 1, pp. 13-14.

negligence of Cash, who was driving while in the course and scope of his employment with Special Event Transportation, Inc. ("Special Event")[5] Plaintiff named the following Defendants: Cash, Special Event, and Arch Insurance Company ("Arch"), the insurer of Cash's vehicle.[6]

On November 5, 2021, the case was removed to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[7] The Removing Defendants sufficiently established that the parties are completely diverse, as Plaintiff is a citizen of Louisiana, and Cash, Special Event, and Arch are citizens of Virginia, North Carolina, Missouri and New York.[8] However, after reviewing the Petition, Notice of Removal, and attached exhibits, including a medical payment summary and Plaintiff's response to a jurisdictional request for admission, it was not clear that the requisite amount in controversy was met.[9] As such, on November 22, 2021, an Order was issued, raising the issue of subject matter jurisdiction *sua sponte*. Removing Defendants were ordered to submit a memorandum and supporting evidence regarding amount in controversy, and Plaintiff was ordered to submit a notice regarding jurisdiction or a motion to remand.[10] Removing Defendants timely filed their Memorandum Re: Amount in Controversy ("Memorandum") and supplemental documents, contending that Plaintiff's damages exceed $75,000, exclusive of interest and costs.[11] Plaintiff responded with the instant Motion, contending that the Court lacks diversity jurisdiction because Removing Defendants have not establish the amount in controversy.[12]

---

[5] R. Doc. 1, pp. 14-15.
[6] R. Doc. 1, pp. 13-17.
[7] R. Doc. 1, pp. 2-4, ¶¶ 7, 11, 16. At the time of removal, Defendants contended that Cash had not yet been served but that Cash consented to removal. R. Doc. 1, p. 3, ¶ 9. Cash has since appeared. R. Doc. 13.
[8] R. Doc. 1, p. 3, ¶ 12 (and R. Doc. 1, p. 13, introductory paragraph) (Plaintiff is a citizen of Louisiana); R. Doc. 1, p. 3, ¶ 13 (Arch is a corporation organized in Missouri, with its principal place of business in New York); R. Doc. 1, p. 3, ¶ 14 (Special Event is a corporation organized, and with its principal place of business in, North Carolina); and R. Doc. 1, p. 4, ¶ 15 (Cash is a citizen of Virginia).
[9] R. Docs. 1, pp. 41-45 and R. Doc. 1, p. 10.
[10] R. Doc. 5.
[11] R. Doc. 12, relying on the severity of the Accident, Plaintiff's discovery responses, Plaintiff's injuries and treatment, and state court damage awards for allegedly similar injuries. *See* R. Doc. 12-2 through 12-8 (Photos of Plaintiff's car, Motor Vehicle Traffic Crash Report, Plaintiff's discovery responses, and Plaintiff's medical records).
[12] R. Doc. 14. Plaintiff initially filed a similar Motion to Remand prior to the deadline for Defendants to submit their Memorandum. R. Docs. 5, 10. As that Motion to Remand was premature, it was terminated in order to give

2

Significantly, Removing Defendants did not timely oppose the Motion.[13] The Motion is, therefore, deemed unopposed;[14] however, even considering the Memorandum and supporting documentation, Removing Defendants have failed to establish the requisite amount in controversy.[15]

## II. LAW AND ANALYSIS

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[16] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[17] Remand is proper if at any time the court lacks subject matter jurisdiction.[18] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[19]

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[20] If, however, the "[s]tate practice ... does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds

---

Defendants an opportunity to submit their Memorandum and amend their removal allegations as explained in the Court's briefing order. *See* R. Docs. 5 and 11.
[13] Local Civil Rule 7(f). The Court's electronic filing system indicates that notice of the filing of the Motion was sent to defense counsel on the date that the Motion was filed, December 20, 2021.
[14] *See, e.g., Perritt v. Sysco Corp.,* No. 10-751, 2011 WL 3438470, at *1 (M.D. La. June 28, 2011), report and recommendation adopted, No. 10-751, 2011 WL 3438465 (M.D. La. Aug. 5, 2011).
[15] *See Donahue v. Pinnacle Ent., Inc.,* No. 18-1017, 2019 WL 2396177, at *1 (M.D. La. May 3, 2019) (despite the lack of an opposition, considering amount in controversy memorandum on resolution of motion to remand).
[16] 28 U.S.C. § 1441(a).
[17] 28 U.S.C. § 1332(a)(1).
[18] *See* 28 U.S.C. § 1447(c).
[19] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[20] 28 U.S.C. § 1446(c)(2).

[$75,000]."²¹ In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages in their petitions.²²

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.²³ The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum.²⁴ If the defendant can produce evidence sufficient to show by a preponderance, *i.e.*, summary judgment-type evidence, that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.²⁵ The jurisdictional facts that support removal must be judged at the time of removal.²⁶

Since the parties are of diverse citizenship, which is undisputed, the only issue regarding the Court's exercise of subject matter jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

### B. Defendants Have Not Met Their Burden of Establishing that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

It is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000, which was the reason for the November 22, 2021 *sua sponte* Order.²⁷ In the Notice of Removal and Memorandum, Removing Defendants acknowledge that amount in controversy is

---

²¹ 28 U.S.C. § 1446(c)(2)(A)(ii)–(B).
²² La. Code Civ. P. art. 893(A)(1).
²³ *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
²⁴ *Id.,* and see *Richard v. Georgia Gulf Lake Charles, LLC,* No. 07-50, 2007 WL 2319804, *7 (W.D. La. Aug. 10, 2007), citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).
²⁵ *See, e.g., Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002) and *De Aguilar*, 47 F.3d at 1412.
²⁶ *Kimble v. America First Ins. Co.*, No. 14-67, 2014 WL 1761556, at *2 (M.D. La. Apr. 28, 2014), citing *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) and *Womack v. National Union Fire Insurance Company,* No. 16-13127, 2016 WL 4728096, at *1 (E.D. La. Sept. 12, 2016).
²⁷ R. Doc. 5 ("It is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000").

not facially apparent from the Petition.[28]  Accordingly, Removing Defendants must establish the amount in controversy by a preponderance of the evidence.  They have failed to do so.

The Notice of Removal states that, in light of the Petition's allegations of a sudden, "violent" collision, Plaintiff's and Cash's statements given to law enforcement regarding the severity of the Accident, and the lack of an La. Code Civ. P. art. 893 statement in the Petition,[29] Defendants propounded a request for admission on Plaintiff, asking Plaintiff to admit that her damages do not exceed $75,000, exclusive of interest and costs.[30] Plaintiff's response was as follows:

> Plaintiff cannot admit or deny this request as written and objects to this request on the grounds that it calls for a legal conclusion and/or factual determination that can only be reached by the trier of fact at trial. In addition, plaintiff cannot admit or deny this request because, as it relates to general damages, plaintiff is not required to itemize same, and the amount of same is a question for the trier of fact.
>
> Furthermore, plaintiff objects to this request to any extent that it seeks to preclude plaintiff from stipulating to same at a later date, should such determination be made or in the event that a compromise or dismissal of one or more claims or parties occurs at such time.
>
> Subject to the foregoing and without waiving objections, denied.[31]

---

[28] R. Doc. 1, p. 2, ¶ 6 and R. Doc. 12, p. 1.

[29] Defendants did not renew this argument in their Memorandum, but even if they had, a plaintiff's failure to include an La. Code Civ. P. art. 893 statement is insufficient to establish that the requisite amount in controversy is met. *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to "some consideration, it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable.").

[30] R. Doc. 1, pp. 4-5, ¶¶ 17-22; R. Doc. 1, p. 14, ¶ 5 (Petition); R. Doc. 1, pp. 39-40 (statements); and *see* R. Doc. 1, p. 10 (Request for Admission No. 1: "Please admit that your damages do not exceed the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.").

[31] R. Doc. 1, p. 10.

5

The case was removed on the basis of this discovery response;[32] medical records that allegedly reflect "severe" injuries to Plaintiff's left shoulder, left knee, left ankle, and left foot, contusion of the left shoulder, chondromalacia patella (*i.e.*, damage to the cartilage under the kneecap), and a displaced fracture of the medial condyle of the left femur, as well as $17,000 in past medical expenses and ongoing treatment;[33] the nature of the accident;[34] and state court damage awards for allegedly similar injuries.[35]  However, this information is not sufficient to meet Removing Defendants' burden of establishing by a preponderance of the evidence that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs, and the supplemental information attached to the Memorandum is also insufficient.

    1.  <u>Plaintiff's Discovery Responses Regarding Damages and Lost Wages</u>

Plaintiff's response to the request for admission does not unequivocally admit that Plaintiff's damages are likely to exceed $75,000, exclusive of interest and costs.[36]  While Plaintiff ultimately denied the request for admission that her damages do not exceed the jurisdictional threshold, she conditioned that response on several caveats/objections.[37] Plaintiff's response amounts to an inability to say one way or the other whether her damages were likely to exceed $75,000 at the point in time when the request was answered. Defendants failed to address the ambiguity in Plaintiff's response to the request for admission.

---

[32] R. Doc. 1, p. 5, ¶¶ 21-22.
[33] R. Doc. 1, p. 5-6, ¶¶ 23-24.
[34] R. Doc. 1, p. 4, ¶¶ 18-19 and *see* R. Doc. 1, pp. 33-40 (Motor Vehicle Traffic Crash Report and statements) and R. Doc. 12-2 (photos of Plaintiff's damaged vehicle).
[35] R. Doc. 1, pp. 6-7, ¶¶ 25-26.  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298, citing *De Aguilar*, 11 F.3d at 58.  The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298, *quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[36] R. Doc. 1, p. 10 (also in the record at R. Doc. 12-8).
[37] R. Doc. 1, p. 10.

6

Removing Defendants additionally argue that the amount in controversy includes lost wages, as Plaintiff's interrogatory responses state that she has been unable to return to work since the date of the September 2, 2020 Accident due to her injuries and her loss of earnings continues to accrue.[38] This argument is based on Removing Defendants' speculation that Plaintiff's lost wages amount to "at least $18,560, but probably much more," estimating that figure based on the federal minimum wage of $7.25 per hour over a 40 hour workweek for 15 months.[39] However, as Plaintiff points out, this calculation is not based on any facts showing how much Plaintiff formerly earned. While Removing Defendants' calculation assumes Plaintiff worked full time, there does not appear to be any supporting evidence of this "fact." Plaintiff "c[ould]not answer" the interrogatory seeking information regarding her lost earnings.[40] Removing Defendants' unsupported speculation as to lost wages fails to fulfill Defendants' burden.

    2. <u>Plaintiff's Medical Records/Injuries and Discovery Responses Regarding Treatment</u>

The Notice of Removal attached a five-page medical payment summary from Optum (which the parties refer to as "the Optum lien") that contains short, "diagnosis descriptions" of Plaintiff's injuries, *e.g.*, "pain in left shoulder," as well as pain in the left knee, left ankle, and the joints in the left foot, contusion of the left shoulder, chondromalacia patella, and a left femur fracture. The Optum lien reflects that Plaintiff incurred medical expenses of $17,567, for which she received 9.5 months of consistent treatment with various providers, primarily comprised of physical therapy visits (according to Defendants).[41] As explained in the briefing Order, these short

---

[38] R. Doc. 12-4, pp. 6-7 (Plaintiff's Answers to Interrogatory Nos. 18, 19, 21, 22).
[39] R. Doc. 12, p. 4. The 15-month period appears to be based on the time from the date of the Accident to the date of the Memorandum.
[40] R. Doc. 14-1, pp. 5-6 and R. Doc. 12-4, p. 7. Plaintiff is correct that, even if Removing Defendants' estimation of $18,560 in lost wages is accurate, and combined with her past medical expenses of $17,567, that still leaves a gap of more than $38,000 before the jurisdictional threshold is satisfied.
[41] R. Doc. 12, pp. 2-3, R. Doc. 1, pp. 41-45, and R. Doc. 1, p. 5, ¶ 23. The Optum lien, which the Court previously referred to as the "Medical Payments Summary," reflects consistent treatment with various providers beginning with the emergency room visit on the date of the Accident through June 22, 2021, with a last final visit on August 18, 2021.

descriptions indicating pain, bruises, damage to knee cartilage, one broken bone, and a relatively low amount of medical expenses for treatment last documented in August 2021 (three months before removal) are not enough to show that Plaintiff's damages meet the jurisdictional threshold due to the lack of supporting medical evidence.[42]

Removing Defendants supplemented with six pages of additional records, which corroborate Plaintiff's emergency room visit on the date of the Accident.  This record reflects that Plaintiff reported the same injuries as alleged in the Notice of Removal (pain to the left ankle and left shoulder/side of neck, and additionally reflect that Plaintiff's left shoulder was x-rayed, which revealed a "mild widening of the acromioclavicular joint").[43] Plaintiff was given an arm sling and a muscle relaxer, was instructed on how to stretch and exercise, and was recommended for evaluation by an orthopedist.[44]

Removing Defendants also supplemented with a April 1, 2021 medical record from Novamed Surgery Center of Baton Rouge, which reflects that Plaintiff received a lumbar dorsal median branch block that resulted in 70% improvement in pain relief and function, and that Plaintiff wanted to proceed with a radio frequency ablation.[45]  However, Removing Defendants admit that they do not have records showing the medical expenses associated with the branch block, although they contend that a median branch block "typically" costs between $3,000 to

---

Removing Defendants contend that, during this time, Plaintiff participated in 50 physical therapy sessions (R. Doc. 12, pp. 2-3); however, the Optum lien does not describe the treatment provided.

[42] R. Doc. 5.  *See, e.g., Marse v. Red Frog Events, LLC*, No. CV 17-1402-BAJ-EWD, 2018 WL 3966975, *3 (July 20, 2018), report and recommendation adopted, *Marse v. Red Frog Events, LLC*, No. CV 17-1402-BAJ-EWD, 2018 WL 3966263 (M.D. La. Aug. 17, 2018) (finding that allegation that plaintiff suffered a broken femur, without more information, was insufficient to meet amount in controversy and remanding case).

Removing Defendants also contend that Plaintiff's counsel stated that Plaintiff underwent an MRI. R. Doc. 1, p. 6, ¶ 24 and R. Doc. 12, p. 3. However, there was no documentation submitted to support this assertion.

[43] The acromioclavicular joint is the point where the clavicle, or collarbone, meets the highest part of the scapula, or shoulder bone.

[44] R. Doc. 12, p. 2, R. Doc. 12-7 and R. Doc. 1, p. 41 (September 3, 2020 visit with orthopedist Dr. Arthur Hess).

[45] R. Doc. 12-5.  This visit took place during the time period encompassed by the Optum lien but does not appear to be reflected on it.

$5,000.[46] Removing Defendants also note that Plaintiff's discovery responses state that she has also received treatment from other providers, including a neurologist at the NeuroMedical Center and pain management doctors at the Spine Diagnostic and Pain Treatment Center.[47] Removing Defendants reiterate their belief that the amount of past medical expenses exceed $17,000 and continue to accrue, and that Plaintiff underwent an MRI, but they do not have any records substantiating additional treatment or an updated Optum lien reflecting treatment beyond August 18, 2021 and/or exceeding $17,567.[48]

In fact, the additional documentation provided weighs against a finding that the jurisdictional amount is met. The Novamed record indicates that Plaintiff reported that the branch block resulted in 70% improvement, and the ER record indicates that Plaintiff was released with only an arm sling and medication, which indicates minor injuries.[49] Furthermore, and as Plaintiff points out, it is not clear that all of the injuries described on the Optum lien are related to the Accident.[50] Specifically, chondromalacia patella is not noted on the lien until three months after the Accident on December 7, 2020, and the medial condyle fracture is not noted on the lien until six months after the Accident on March 1, 2021.[51] Further, there is no indication that Plaintiff had the RFA or that she was recommended for surgery/had surgery.[52] Plaintiff also did not disclose a disability in her discovery responses.[53]

To the extent that Removing Defendants contend additional medical records and bills exist that are relevant but have not yet been obtained, "[i]f the removing defendant does not have facts

---

[46] R. Doc. 12, p. 3 and footnote 18 (also contending that anesthesia for the branch block typically costs $500).
[47] R. Doc. 12, pp. 3-4 and R. Doc. 12-4, p. 4 (Answer to Interrogatory No. 12).
[48] R. Doc. 12, pp. 3-4 and R. Doc. 12-4, p. 3 (Answer to Interrogatory No. 10).
[49] R. Docs. 12-5 and 12-7.
[50] R. Doc. 14-1, p. 5.
[51] R. Doc. 1, pp. 42-43.
[52] Even a surgical recommendation, absent evidence of associated costs, would not be sufficient to establish the amount in controversy. *See Silva v. Hartford Ins. Co. of the Midwest,* No. 15-5844, 2016 WL 4501288 at *4 (E.D. La. Aug. 29, 2016), (finding the plaintiff's statement that she required knee surgery, without evidence of the associated expenses, insufficient to establish amount in controversy).
[53] R. Doc. 12-4, p. 6, Answer to Interrogatory No. 20.

sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts before effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'"[54] The fact that formal discovery has not yet been conducted does not absolve Removing Defendants from the obligation to sustain their burden. Sufficient evidence of amount in controversy must be obtained in state court prior to removal. This Court has repeatedly addressed this issue in the past and has remanded cases like this one, where the removing defendants failed to conduct the necessary discovery prior to removal and thereby failed to sustain their burden of establishing the amount in controversy.[55]

### 3. The Nature of the Accident and State Court Damage Awards

The characterization of the Accident as a sudden violent collision, which caused Plaintiff's vehicle to spin around in front of Cash's 18-wheeler and come to rest on the opposite side of the roadway, is concerning but is not enough to establish that the amount in controversy is likely met because it does not reflect monetary damages.[56] While Plaintiff stated that her car was "totaled" and Removing Defendants supplemented with photos of her damaged car, Plaintiff did not

---

[54] *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). *See also Nordman v. Kansas City Southern Railway Co.*, No. 08-2025, 2009 WL 976493, at *3 (W.D. La. April 9, 2009) ("This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy. Otherwise, the case is swiftly remanded. The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about 'serious' but unspecified injuries and the like. Those protective removals waste a great deal of time for the parties and the court. To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in *Chapman* and related Fifth Circuit decisions.").

[55] *See, e.g., McFarland v. Nat'l Interstate Ins. Co.*, No. 21-314-JWD-EWD, 2021 WL 5629263, at *5 (M.D. La. Nov. 15, 2021), report and recommendation adopted, No. 21-314-JWD-EWD, 2021 WL 5629229 (M.D. La. Nov. 30, 2021); *Autin v. Cherokee Ins. Co.*, No. 20-528-JWD-EWD, 2020 WL 7974292, at *1 (M.D. La. Dec. 7, 2020), report and recommendation adopted, No. 20-528-JWD-EWD, 2021 WL 41073 (M.D. La. Jan. 5, 2021).

[56] R. Doc. 12, pp. 1-2; R. Doc. 1, p. 14, ¶ 5 and pp. 33-40 (Motor Vehicle Traffic Crash Report and statements).

expressly seek damages in her Petition for the damage to her vehicle, and the record of Plaintiff's emergency room visit indicates that Plaintiff was treated for only minor injuries.[57]

Removing Defendants also rely on several Louisiana cases where general damage awards exceeding $75,000 were awarded or affirmed.[58] However, they "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy their burden.[59] As noted in the briefing Order, these state court cases are not persuasive at this stage of the litigation, as there cannot be a meaningful comparison of this case to those cases (which may also be factually distinguishable) because the relevant information regarding the extent of Plaintiff's injuries and damages are unknown.[60]

As Removing Defendants have failed to establish that the amount in controversy requirement is satisfied, it is recommended that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[61]

---

[57] R. Doc. 12-7; R. Doc. 12-4, p. 7 (Answer to Interrogatory No. 24); and R. Doc. 12-2 (photos of car).
[58] R. Doc. 1, p. 6, ¶ 25 and R. Doc. 12, p. 5, citing general damages awards in knee injury cases: *Ben v. Baldwin & Lyons, Inc.,* 2017-678 (La. App. 3 Cir. 3/7/18), 241 So. 3d 411; *Todd v. Delta Queen Steamboat Co.,* 2007-1518 (La. App. 4 Cir. 8/6/08), 15 So. 3d 107; *Billeaud v. Poledore,* 603 So. 2d 754 (La. App. 1 Cir. 1992) and R. Doc. 12, pp. 4-5 citing general damages awards in spinal injury cases: *Alexander v. Tate*, 09-844 (La. App. 3 Cir. 2/3/10), 30 So. 3d 1122; *Britt v. City of Shreveport*, 45,513 (La. App. 2 Cir. 11/3/10), 55 So. 3d 76; *Donaldson v. Hudson Ins. Co.,* 2012-1013 (La. App. 4 Cir. 4/10/13), 116 So. 3d 46; *Fourroux v. Whipple*, 18-01333 (Civ. D. Ct. 10/10/19); and *Martin v. ERMC, II*, 2009-491 (La. App. 3 Cir. 11/4/09), 23 So. 3d 1008.
[59] *Silva,* 2016 WL 4501288, at *5. *See also Barrow v. James River Ins. Co.,* No. 16-15967, 2017 WL 656725, at *3 (E.D. La. Feb. 15, 2017) (accord).
[60] *See Silva,* 2016 WL 4501288, at *5 ("Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement.").
[61] *Gasch*, 491 F.3d at 281-82.

### C. An Award of Costs and Fees is Not Warranted in this Case

Plaintiff also requests an award of costs and fees incurred in filing her Motion pursuant to 28 U.S.C. § 1447(c).[62] There is no automatic entitlement to an award of expenses under § 1447(c), as the clear language of the statute makes such an award discretionary.[63] In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case.... In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[64]

An award under § 1447(c) is not warranted in this case. Plaintiff claimed "pain and suffering, mental anguish and suffering, loss of enjoyment of life, medical expenses, lost wages, [and] lost income," received months of medical treatment, did not specifically state in her Petition that the federal jurisdictional amount was not met, and denied in discovery that the jurisdictional amount was not met, albeit equivocally.[65] While doubt is resolved in favor of remand, the issue of whether the jurisdictional minimum was met was not obvious and Plaintiff did nothing to make it so. Removing Defendants had some evidence that provided objectively reasonable grounds for removal. As such, Plaintiff's request for the costs and attorney's fees incurred in filing the Motion should be denied.

### III. RECOMMENDATION

Removing Defendants Special Event and Arch have not met their burden of proving that this Court has subject matter jurisdiction over the claims asserted by the Plaintiff based upon diversity jurisdiction under 28 U.S.C. § 1332(a).[66] They have failed to timely file an opposition

---

[62] 28 U.S.C. § 1447(c) and R. Doc. 14-1, pp. 6-7.
[63] *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 291 (5th Cir. 2000).
[64] *Id.* at 293.
[65] R. Doc. 1, pp. 10, 13-17, 41-45.
[66] No party has argued that there is federal question jurisdiction under 28 U.S.C. § 1331 and it does not appear that there would be such jurisdiction for claims arising from this motor vehicle accident.

to the Motion and have otherwise failed to submit sufficient evidence to establish that the requisite amount in controversy has been met in this case.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand[67] be **GRANTED** and this matter **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on August 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[67] R. Doc. 14.